IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARCIA FOR CONGRESS and SWATI PATEL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2401-K |
| | § | |
| FEDERAL ELECTION COMMISSION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Federal Election Commission's Motion for Summary Judgment (Doc. No. 16).  After careful review and consideration of the motion, the response, the reply, the supporting appendices, and the applicable law, the Court **GRANTS** the FEC's motion for summary judgment.

## I.     Factual and Procedural Background

Domingo A. Garcia was a candidate in the Democratic Party's 2012 primary campaign for the Texas 33rd District U.S. House of Representatives seat.  Plaintiff Garcia for Congress was Mr. Garcia's principal campaign committee, and Plaintiff Swati Patel was the committee treasurer (collectively "Garcia Committee").

On March 7, 2012, the Garcia Committee registered with the Federal Election Commission ("FEC") as the principal campaign committee for Mr. Garcia's congressional campaign.  On April 25, 2012, the FEC sent, as a courtesy, the Primary Election Report

Notice ("Notice") to all political committees, including the Garcia Committee, who had registered to participate in that primary election and who had provided email addresses. The Notice reminded these committees of the disclosure report filing deadlines for reports associated with the Texas Primary being held on May 29, 2012, as well as advising them that 48-hour notices for the Texas Primary would be required from May 10, 2012, through May 26, 2012. The Garcia Committee's primary report was due May 17, 2012. After the primary report was due, Mr. Garcia made two personal loans to his campaign: (1) $100,000 on May 18, 2012; and (2) $50,000 on May 24, 2012. Neither of these loans were reported under the 48-hour notice requirement before the May 29th Texas Primary election.

On July 15, 2012, the Garcia Committee filed its July 2012 Quarterly Report ("Report") with the FEC. This Report contained an itemized list of receipts for the period of May 10, 2012, through June 30, 2012, including the personal loans made on May 18th and May 24th. In response, the FEC sent the Garcia Committee a letter on August 13, 2012, requesting additional information on the Committee's failure to file the required 48-hour notices on the two loans of May 18th and May 24th. On September 17, 2012, five weeks later, the Garcia Committee filed 48-hour notices on both the loans.

On February 8, 2013, the FEC notified the Garcia Committee of the FEC's "Reason to Believe" ("RTB") the Garcia Committee had violated the statutory 48-hour notice requirement as to Mr. Garcia's two loans, as well as the proposed $15,220 fine

for this violation.  This notification letter also informed the Garcia Committee of the available remedies available to the Committee.  Specifically, the letter states,

> The FEC will only consider challenges that are based on at least one of the three grounds:  (1) a factual error in the [Reason to Believe] finding; (2) miscalculation of the calculated civil money penalty by the FEC; and (3) your demonstrated use of best efforts to file in a timely manner when prevented from doing so by reasonably unforeseen circumstances that were beyond your control.

In addition to providing examples of circumstances considered to be "reasonably unforeseen and beyond your control," the letter states that negligence, treasurer or staff illness, inexperience, or unavailability, or failure to know filing dates do not constitute "reasonably unforeseen and beyond your control" .

In a letter dated February 26, 2013, the Garcia Committee challenged the proposed fine, asking for leniency because (1) the violation was the result of "unintentional clerical error" and (2) the fine could delay the efforts of the Garcia Committee "to wind down and terminate the campaign."  The Garcia Committee stated that it had used "best efforts" and that it had failed "to communicate the requisite information to the compliance specialists responsible for filing the notices."  It also stated that any additional costs to the campaign in the form of fines would "further delay[ ] the termination process."

The FEC's Acting Reviewing Officer, Ms. Rhiannon Magruder, ("Reviewing Officer") received the Garcia Committee's challenge and made a written recommendation to the FEC which was also sent to the Garcia Committee.  The

Reviewing Officer's report recommended making a final determination that the Garcia Committee had violated the statutory 48-hour notice requirement for the two personal loans Mr. Garcia made to his campaign and assessing a $15,220 civil penalty. The Reviewing Officer specifically noted that the Garcia Committee's admitted negligence was not a defense to its failure to timely file the 48-hour notices as "negligence is included at 11 C.F.R. § 111.35(d) as an example of a circumstance that will not be considered reasonably unforeseen and beyond the respondents' control." The Garcia Committee did not send any response to the Reviewing Officer's recommendation, and on April 3, 2013, the Reviewing Officer submitted a Final Determination Recommendation ("Final Recommendation"). The Reviewing Officer recommended the FEC make a final determination that the Garcia Committee violated the statutory notice requirement, 2 U.S.C. § 434(a), and assess a $15,220 civil penalty. On May 20, 2013, the five Commissioner panel of the FEC unanimously voted to adopt the Reviewing Officer's Final Recommendation. The FEC notified the Garcia Committee of its decision on May 23, 2013. Plaintiffs filed this lawsuit on June 24, 2013.

## II.    Analysis

### A.    Applicable Law

Federal courts may review the action of a federal agency under the Administrative Procedure Act ("APA"). *See generally* 5 U.S.C.A. §§ 701-706 (West 2007). When asked to review an agency action or determination under the APA, the district court acts not as a fact finder, but "reviews the record compiled before the administrative agency" to

determine whether the agency's action was arbitrary or capricious.  *Lodge Tower Condo.*
*Ass'n v. Lodge Prop., Inc.*, 880 F.Supp. 1370, 1374 (D. Colo. 1995)(citing *Nat'l Law Ctr.*
*v. Dep't of Veteran Affairs*, 736 F.Supp. 1148, 1152 (D. D.C. 1990)); *see* 5 U.S.C.A. §
706(2)(A); *see also LaRouche's Comm. for a New Bretton Woods v. F.E.C.*, 439 F.3d 733, 738
(C.A.D.C. 2006).  This "highly deferential" standard "focuses on whether an agency
articulated a rational connection between the facts found and the decision made."
*Pension Ben. Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366 (5th Cir.
2004).  The district court "'cannot substitute its judgment for that of an agency . . . and
must affirm if a rational basis for the agency's decision exists.'" *LaRouche's Comm.*, 439
F.3d at 738 (quoting *Dyer v. Blue Cross & Blue Shield Ass'n*, 848 F.2d 201, 205 (D.C. Cir.
1998)). An agency determination or action is reviewed, not tried, by the district court;
"[f]actual issues have been presented, disputed, and resolved." *Lodge Tower*, 880 F.Supp.
at 1374.  Therefore, when a district court reviews a summary judgment motion
concerning an agency's action, the court determines "'not whether the material facts are
disputed, but whether the agency properly dealt with the facts.'" *AAA Bonding Agency,*
*Inc. v. Dep't of Homeland Sec.*, Civ. No. 4:05-CV-2159, 2013 WL 5424972, * 2 (S.D. Tex.
Sept. 26, 2013)(quoting *Lodge Tower*, 880 F.Supp. at 1374).

Section 434 of the statute governing Federal Election Campaigns addresses the
reporting requirements of political committees.  2 U.S.C. § 434.  Section 434(a)
specifically provides that a political candidate's principal campaign committee must
report in writing any contributions of $1,000 or more received by the committee and

such written notice must be made within 48 hours of receiving the contribution. 2 U.S.C. § 434(a)(6)(A). The Federal Regulations addresses administrative fines related to the failure to file or late filed 48-hour notices. *See* 11 C.F.R. § 111.44. Specifically, the Regulations provide that the civil monetary penalty shall be calculated as $110 for each contribution not timely reported plus 10% of the amount of each contribution. 11 C.F.R. § 111.44(a)(1).

### B.    Factual Analysis

First, the Court must address Plaintiff's misunderstanding of the applicable standard of review in this case. Even though the FEC's motion is styled "Motion for Summary Judgment," that does not mandate this Court must review it under Federal Rules of Civil Procedure 56. It is well established that when a district court reviews a summary judgment motion concerning an agency's action, the court determines "'not whether the material facts are disputed, but whether the agency properly dealt with the facts.'" *AAA Bonding*, Civ. No. 4:05-CV-2159, 2013 WL 5424972, at * 2 (S.D. Tex. Sept. 26, 2013)(quoting *Lodge Tower*, 880 F.Supp. at 1374). In reviewing the FEC's action under the APA, this Court is not a fact finder, but reviews the record put before the FEC to determine whether its action was arbitrary or capricious. *See Lodge Tower*, 880 F.Supp. at 1374. This Court must not substitute its judgment for that of the FEC, but instead must affirm if a rational basis for the FEC's decision exists. *See LaRouche's Comm.*, 439 F.3d at 738. Plaintiffs' lengthy argument and analysis using Rule 56(a) and relevant case law is simply wrong.

Turning now to the review of the FEC's record, the Court must affirm the FEC's decision, including the administrative fine assessed, because there is a rational basis for the FEC's decision and, conversely, there is no evidence the FEC "'failed to consider relevant factors or made a clear error in judgment.'" *LaRouche's Comm.*, 439 F.3d at 737 (quoting *Cellco P'ship v. FCC*, 357 F.3d 88, 93-94 (D.C. Cir. 2004)). The record before the FEC, which is also before the Court, establishes that the Garcia Committee failed to timely file two (2) 48-hour notices related to two (2) personal loans Mr. Garcia made to his campaign during the period of May 10 through May 26, 2012. It was this failure which formed the basis of the FEC's reason to believe ("RTB") the statute had been violated and of the preliminary determination of a $15,220 civil penalty.  The FEC informed the Garcia Committee in a letter as to the RTB findings and gave detailed information on how to challenge the RTB finding and/or the civil monetary penalty, laying out the three grounds the FEC would consider.  The Garcia Committee challenged "the proposed penalty on the basis that the Garcia Committee demonstrated use of 'best efforts,' and that the unfiled reports were due to an unintentional clerical error on the part of the Garcia Committee.  As a result of this error, there was a failure to communicate requisite information to the compliance specialists responsible for filing the notices."  The Garcia Committee went on to request "leniency due to the fact that it is in the process of winding down and any additional financial burden could potentially delay its ability to terminate."  After reviewing the Garcia Committee's challenge, the Reviewing Officer recommended the FEC make a final determination that

the Garcia Committee violated the notice statute and assess a $15,220 civil penalty "because [the Garcia Committee] submitted no evidence that a factual error was made in the RTB finding, that the penalty was miscalculated at RTB or that they used best efforts to file on time."  The FEC unanimously adopted the Reviewing Officer's recommendation and assessed a $15,220 civil penalty.  There is simply nothing in the record to support a finding that the FEC's determination was arbitrary or capricious, or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right". *See* 5 U.S.C. § 706(2)(A),(C).

In its response to the motion for summary judgment, the Garcia Committee attempts to present the following new arguments, or challenges, to the FEC's findings: (1) the Garcia Committee's treasurer was inexperienced and also notably unavailable during the reporting period and months after due to pregnancy and maternity leave; (2) the FEC sent the courtesy copy of the Primary Election Report, which contained the reporting deadlines, to an email address for the Garcia Committee which was not the correct email address; (3) the FEC cites to no authority defining a candidate's personal loans to his campaign committee as "campaign contributions" which would mandate notice to the FEC; and (4) the FEC failed to offer the Garcia Committee "any opportunity to negotiate with it regarding the amount of the proposed penalty" which is inconsistent with a position it previously took with another political candidate.  None of these challenges were presented to the FEC at any time during the agency's review of this matter.  Case law is clear that, absent exceptional circumstances, "a party cannot

judicially challenge agency action on grounds not presented to the agency at the appropriate time during the administrative proceeding." *See Pub. Citizen, Inc. v. EPA*, 343 F.3d 449, 461 (5th Cir. 2003); *see also Gulf Restoration Network v. Salazar*, 683 F.3d 158, 174-75 (5th Cir. 2012); *Louisiana Envtl. Action Network v. EPA*, 382 F.3d 575, 584 (5th Cir. 2004); *Bass v. Dep't of Agric.*, 211 F.3d 959, 964 (5th Cir. 2000).  Furthermore, the FEC's initial letter of February 8, 2013, to the Garcia Committee informing it of the RTB findings speaks directly to this: "The 'failure to raise an argument in a timely fashion during the administrative process shall be deemed a waiver' of your right to present such argument in a petition to the U.S. district court under 2 U.S.C. § 437(g)." The Court concludes that the Garcia Committee has waived any argument, including these, which were not originally presented to the FEC during the Garcia Committee's original challenge to the RTB findings as outlined in the initial letter.

Therefore, this Court concludes there was a rational basis for the FEC's final determination that the Garcia Committee violated the statutory notice requirement under 2 U.S.C. § 434(a), and for its assessment of a $15,220 civil penalty.  Accordingly, the FEC's motion for summary judgment is **granted**.

**SO ORDERED.**

Signed May 27th, 2014.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 9